UNITED STATES DISTRICT COURT EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DEBORAH COOPER, | § § | |
| *Plaintiff*, | § § | CIVIL ACTION NO. |
| vs. | § § | _____ |
| BARNES & NOBLE, INC., | § § | |
| *Defendant*. | § § | |

## **PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

The plaintiff, Deborah Cooper, ("Plaintiff" or "Cooper"), complains of Barnes & Noble, Inc. ("Defendant" or "Barnes & Noble"), as follows:

## **VENUE AND JURISDICTION**

1. Cooper is a citizen of the United States and a resident of the State of Texas.

2. Cooper was a Store Manager for Defendant and venue is proper because she has been subjected to unlawful employment practices committed in the State of Texas, Eastern District, Sherman Division.

3. Defendant is primarily involved in the business of retail and online sales of books, magazines, music, toys, and games.

4. Defendant is a Delaware corporation, conducting business in Texas at 801 West 15th Street, Suite E, Plano, Texas 75075, in the Easterm District, and elsewhere, and this action accrued in whole or in part in the Eastern District.

5. Defendant may be served with process by serving its registered agent in Texas: 206 E. 9th Street, Austin, Texas 78701.

6. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(a)(4), and 28 U.S.C. §1337. The complaint seeks declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202.

7. This is a suit authorized and instituted pursuant to 42 U.S.C. § 1981.

8. This is a proceeding for compensatory and punitive damages, injunctive and other legal and equitable remedies available to secure the rights of Cooper under 42 U.S.C. § 1981. It is brought to prevent Defendant from maintaining policies, practices, customs, or usages of discriminating against Cooper regarding the terms, conditions, and privileges of employment in violation of this statutes.

9. This matter in controversy exceeds, exclusive of interest and costs, the minimum jurisdictional limits of this Court.

## STATEMENT OF FACTS

10. Cooper was hired as a Store Manager at Barnes & Noble by Kim Laney ("Laney"), Caucasian, District Manager. Cooper commenced employment on November 12, 2018, at the Stonebriar location in Frisco, Texas. After an initial training period, in January 2019 Cooper was placed at Creek Walk Village in Plano, Texas, reporting to Laney.

11. In the summer of 2019, Laney gave Cooper her initial performance review, which was positive. Cooper received a merit increase in pay at the time of her review. In the fall of 2019, Laney was terminated by the Regional Vice President, Daniel Gerber ("Gerber"), Caucasian, and Cooper began reporting to an interim manager Denise Calcagno ("Calcagno"), Caucasian. After Laney was replaced by Ross Bugbee ("Bugbee"), Caucasian, as District Manager, Cooper began reporting to him. At the time Bugbee was hired, Cooper was the only African American Store Manager in his area, out of approximately twenty Store Managers. Shortly after she started reporting to Bugbee he

stated to Cooper that "maybe Barnes & Noble is not the right environment for you," and he made that same comment to her several other times. Because she had worked successfully in many retail environments without any issues, Cooper thought his comments might be due to her race.

12. In approximately the summer of 2021, Bugbee told Cooper that he was giving her a disciplinary warning and an Improvement Plan ("IP") because of an employee complaint and a customer service issue. Cooper did not believe the disciplinary action and IP were warranted.

13. After the period for the IP passed, Bugbee came to the store to do a follow-up on the PIP. Bugbee spoke with several employees and told Cooper everyone seemed happy with her, and he complimented her on how well the store looked. Bugbee said she had successfully worked through the IP.

14. In January 2022, Bugbee accused Cooper of having taken more vacation leave than she had available in 2021. In July of 2021, Cooper had scheduled a vacation in September 2021, after seeing she had forty hours of leave available. Apparently, Bugbee failed to input vacation leave that she had taken earlier in the year, resulting in it appearing she had forty hours of time accrued when she looked at the HR portal. Cooper was concerned that he seemed to be blaming her for this error, when it was caused by his failure to input vacation time she had taken in a timely manner.

15. In the first week of February in 2022, Bugbee came to Cooper and told her he of two incidents he said employees complained about. Cooper indicated that neither incident had taken place as he described. Bugbee did not indicate that Cooper would be receiving any disciplinary action or IP plan due to the alleged complaints. After this conversation, Cooper

was concerned that Bugbee's pattern of taking as true any concerns raised by employees, without even bothering to talk to her about them, was race discriminatory.

16. On February 17, 2022, Cooper called Joe Case ("Case"), Caucasian, Regional HR Manager, to complain about Rusby's conversation with her. Cooper said she felt like her race might be the reason for the employee complaints and Bugbee's treatment of her. Cooper asked for a meeting with Case and anyone who had complained about her to discuss any issues. Case said he would come to the store for an exploratory visit, and in February 2022 and early March 2022, he came to the store, but he did not hold any meetings between her and any employee.

17. On March 9, 2022, Bugbee came to the store and asked to meet with Cooper. Bugbee told her that he knew she had talked to Case and stated that he had talked to Case as well. Bugbee told Cooper that she was being terminated due to the employee complaints.

## 42 U.S.C. § 1981 CLAIM

38. Cooper incorporates herein all the allegations of discrimination and retaliation listed in this Complaint.

39. Cooper alleges that Defendant discriminated against her in the making of a contract of employment, on the same terms it offered to non-African-American employees and/or employees that did not protest discrimination. Such refusal was undertaken for the purpose of interfering with and avoiding the rights of Cooper and the contractual obligations of Defendant in violation of 42 U.S.C. § 1981.

40. Defendant's actions in discriminating and retaliating against Cooper, including terminating her employment, were intentional acts of racial discrimination in violation of 42 U.S.C. § 1981.

41. Defendant's actions were undertaken for the specific purpose of interfering with and avoiding the contractual obligations of Defendant and the contractual rights of Cooper, in violation of 42 U.S.C. § 1981.

42. Cooper has no plain or adequate remedy at law to correct the wrongs complained of herein, and has thus instituted this suit for damages, declaratory relief and injunctive relief provided for under 42 U.S.C. § 1981. Further, Cooper is now suffering and will continue to suffer irreparable injury from Defendant's policies, practices, customs, and usages, set forth herein.

## **RELIEF REQUESTED**

43. Cooper requests that this Court grant her the following relief from Defendant:

    A. A declaratory judgment against Defendant, declaring its past practices herein complained of to be unlawful under 42 U.S.C. § 1981;

    B. A permanent injunction, enjoining Defendant from continuing to discriminate against her on account of race and in retaliation for complaints of race discrimination, in violation of 42 U.S.C. § 1981;

    C. Backpay, front pay, retroactive seniority, pension benefits, bonus payments, health benefits, and any other relief necessary to compensate Cooper for damages for violations of 42 U.S.C. § 1981;

    D. Implementation of a clear and effective grievance procedure for employment discrimination complaints with an effective non-retaliation provision;

    E. Attorney fees from Defendant for the prosecution of her 42 U.S.C. § 1981 claims;

    F. Costs for the prosecution of the 42 U.S.C. § 1981 claims, including the cost of expert witness fees;

    G. Pre-judgment interest at the legally prescribed rate from the date of the violations until judgment as well as post-judgment interest as applicable;

    H. Such other general relief to which Cooper is justly entitled.

## **JURY DEMAND**

44. Cooper demands a jury on all 42 U.S.C.§ 1981 claims, specifically, the ultimate issues of fact as to the merits of the dispute, backpay, frontpay, employee benefits, and compensatory and punitive damages, excepting the attorneys' fees issues.

Respectfully Submitted,

/s/ Jane Legler
Jane Legler
Texas Bar No. 03565820
Christine Neill
Texas Bar No. 00796793
Kyla Gail Cole
Texas Bar No. 24033113

Neill Legler Cole PLLC
3300 Oak Lawn Avenue, Suite 425
Dallas, Texas 75219
(214) 748-7777
(214) 748-7778 (facsimiles)
christine@nlcemployeelaw.com
jane@nlcemployeelaw.com
kyla@nlcemployeelaw.com

Attorneys for Plaintiff